IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATALIE REYES and VERNON MATTHEWS, both Individually and as Mother and Father and as Heirs of the Estate of their Deceased Child, VERNON MATTHEWS, JR., § § § § § § *Plaintiffs*, § § v. § § THE UNITED STATES OF AMERICA,[1] § § *Defendant*. § | CIVIL ACTION No. 1:19-CV-00458 |

**DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant United States of America files this Answer and, without waiving its affirmative defenses, admits, denies and otherwise answers the numbered paragraphs of Plaintiffs' Original Complaint, as follows:

**I. Statutory Basis of Liability Against the United States**

1.      As to the first sentence of Paragraph 1, the United States admits only that Plaintiffs have filed suit pursuant to the FTCA, but denies Plaintiffs are entitled to any relief under it. The remaining allegations in Paragraph 1 constitute legal conclusions, to which no response is required. To the extent a response is required by the Court, the allegations are denied.

---

[1] Plaintiff named Charles Langham, M.D. as a defendant. However, Dr. Langham is not a proper defendant for a claim made against him for actions or omissions undertaken in his official capacity.  *See* 28 U.S.C. §§ 1346(b) and 2671 *et seq.*  Attached hereto as **Exhibit A** is the Certification of the United States that Dr. Langham was acting within the course and scope of his federal employment at all times relevant to the allegations made by Plaintiffs.  Accordingly, the United States is hereby substituted for Dr. Langham.

2. The allegations in Paragraph 2 constitute legal conclusions regarding presentment of an administrative claim, to which no response is required. To the extent a response is required by the Court, the United States admits only that the United States Bureau of Prisons received administrative claims filed on behalf of the Plaintiffs on or around December 7, 2016. Except as expressly admitted, Defendant United States denies the remaining allegations of Paragraph 2.

## II. Parties

3. The United States lacks sufficient knowledge to admit or deny the allegation in Paragraph 3.

4. In response to the allegations of Paragraph 4, Defendant responds that Charles Langham, M.D. is not a proper party defendant in this suit, which was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2679(a). The United States further states that the allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required by the Court, the United States admits only that service of process may be made pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## III. Jurisdiction, Venue, and Conditions Precedent

5. The allegations contained in Paragraph 5 constitute a statement of the case and related legal conclusions, to which no response is required. To the extent a response is required by the Court, the United States admits only that Plaintiffs have filed suit pursuant to the FTCA, but denies Plaintiffs are entitled to any relief under it.

6. The allegations contained in Paragraph 6 constitute legal conclusions regarding venue, to which no response is required. To the extent a response is required by the Court, the United States lacks sufficient information to admit or deny whether Plaintiff resides in the Western District of Texas.

7.      The allegation in Paragraph 7 constitutes a legal conclusion, to which no response is required. To the extent a response is required by the Court, the United States denies the allegation.

## IV. Factual Background

8.      The United States lacks sufficient information to admit or deny that Natalie Reyes was pregnant with Vernon Matthews' baby. The United States admits Ms. Reyes was diagnosed with a urinary tract infection and given meditation for it, but denies that it was Dr. Langham who made that diagnosis. The United States denies the remaining allegations contained in Paragraph 8. The United States denies that Charles Langham M.D. was informed of Ms. Reyes's symptoms on December 6, 2014.

9.      The United States denies the allegations in Paragraph 9.

10.     The United States admits that Dr. Otulana made a medical record notation regarding Ms. Reyes' reported pain, bleeding, and mucus, and the estimated onset of those symptoms. The medical records speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with the plain meaning, language, or context of the referenced medical records. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 10.

11.     The United States admits that Dr. Otulana made a medical record notation regarding Ms. Reyes' bleeding and that the notes also describe Plaintiffs' transportation method from a government vehicle to EMS/MedStar for transfer to the hospital. The medical records speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with the plain meaning, language, or context of the referenced medical records. The United States denies the allegation concerning Dr. Langham contained in Paragraph 11.

12. The medical records indicate that, later that day, Ms. Reyes went into pre-term labor and delivered a stillborn baby. The United States lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 12 and therefore denies those allegations.

## V. Liability of Defendants Langham and United States of America to Plaintiffs

13. In response to the allegations of Paragraph 13, Defendant responds that Charles Langham, M.D. is not a proper party defendant in this suit. The United States admits that Dr. Langham was acting within the course and scope of their employment with the United States at all times relevant to this Complaint.

14. The allegations contained in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required by the Court, the allegations are denied.

15. The United States admits that Plaintiff lost her child while serving a federal prison sentence. The United States denies the remaining allegations in Paragraph 15.

16. The allegations contained in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required by the Court, the allegations are denied.

17. The United States lacks sufficient knowledge to admit or deny whether Plaintiff Vernon Matthews is related to the deceased child. The remaining allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required by the Court, the allegations are denied.

18. The United States lacks sufficient knowledge to admit or deny facts concerning the estate of the deceased child and the representatives thereof. The remaining allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required by the Court, the allegations are denied.

### VI. Proximate Cause

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required by the Court, the allegations are denied.

### VII. Damages

20. Paragraph 20 sets out Plaintiffs' claim for damages, to which no response is required. To the extent a response is required, the United States admits that Plaintiffs are seeking these measures of damages but denies that Plaintiffs are entitled to those damages.

21. Paragraph 21 sets out an additional demand for damages, to which no response is required. Plaintiffs are not entitled to prejudgment interest against the United States. 28 U.S.C. § 2674. Moreover, the United States is not liable for post-judgment interest, except as permitted by Federal law. 28 U.S.C. § 1961 and 31 U.S.C. § 1304(b).

### VIII. Prayer

22. With respect to the allegations contained in the unnumbered Paragraph beginning 'WHEREFORE', the United States responds that the allegations constitute Plaintiffs' prayer for relief, to which no response is required. However, to the extent a response is required by the Court, the United States denies the allegations.

### GENERAL DENIAL

23. The United States denies any allegation or averment contained in Plaintiffs' Original Complaint that has not been expressly admitted or explained herein.

### AFFIRMATIVE DEFESNES

24. As separate and complete defenses, and without waiving any of the above, the United States offers the following:

25. The United States, through its employees and agents, acted with due care and diligence at all relevant times.

26. The United States violated no actionable duty owed to Plaintiffs.

27. To the extent Plaintiffs allege the United States is liable to them for violating their constitutional rights, the Court lacks subject matter jurisdiction over such claims as the United States is immune from suit and liability for alleged constitutional violations.

28. Plaintiffs failed to exhaust administrative remedies, which is a prerequisite to suit, for any claims that were not provided to the BOP with facts sufficient to allow the claim to be investigated.

29. Plaintiffs fail to state a claim upon which relief may be granted.

30. The United States has not waived sovereign immunity for any acts or omissions of its independent contractors, including independent contractors who may have had custody of Plaintiff and independent contractors who may have been responsible for providing medical care to Plaintiff while in federal custody.

31. Plaintiffs' claims are barred, in whole or in part, by the negligent acts or omissions or the contributory negligence of third parties, who are responsible third parties for such negligence.

32. In the event the United States is found to have been negligent, which negligence is denied, Plaintiffs' negligence or the negligence of third parties was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

33. The United States is not liable for Plaintiffs' alleged injuries to the extent that Plaintiffs failed to mitigate same.

34. The United States is not liable for Plaintiffs' alleged injuries to the extent that another actor's or actors' negligence was an intervening or superseding cause of the alleged injuries.

35. The United States invokes any and all statutory limits on damages recoverable by the Plaintiff for personal injury under Texas law and Plaintiffs' recovery, if any, may not exceed the limitations on damages for economic and non-economic damages for personal injury resulting from a medical malpractice tort action, including, but not limited to, those specified in TEX. CIV. PRAC. & REM. CODE §§ 74.301, 74.301, 74302, and 74.303.

36. The United States is not liable for Plaintiffs' alleged injuries to the extent that Plaintiff failed to mitigate same.

37. Plaintiffs' recovery for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant. TEX. CIV. PRAC. & REM. CODE § 40.0105.

38. The United States asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiffs. Specifically, to the extent Plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to credit or set off for any past or future benefits paid to or on behalf of or received by Plaintiff to the extent allowed under federal and state, common and statutory law and under any state or federal program such as Medicare, Medicaid, Tricare, CHAMPUS, Social Security Disability, or any other insurance.

39. Pursuant to Texas state law, the United States is entitled to set-off, contribution, credit, etc. for any amounts paid by any settling defendant or non-party who could have been named as a defendant in this cause of action.

40. Plaintiffs are precluded from recovering prejudgment interest or punitive damages from the United States pursuant to 28 U.S.C. § 2674. The United States is not liable for post-judgment interest, except as permitted by Federal law. 28 U.S.C. § 1961 and 31 U.S.C. § 1304(b).

41. Plaintiffs may not recover from the United States an amount in excess of the amount sought in their administrative claim pursuant to 28 U.S.C. § 2675(b).

42. Plaintiffs may not recover costs from the United States, except to the extent authorized by 28 U.S.C. § 2412.

43. As to Plaintiffs' claims against the United States, attorney's fees are only recoverable as part of the judgment and not in addition thereto, and may not exceed the percentages specified in 28 U.S.C. § 2678.

44. Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to try their claims against the United States to a jury.

45. The United States has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery. The United States reserves the right to raise additional defenses that become apparent through the factual development of the case.

46. Having fully answered Plaintiffs' Original Complaint, the United States respectfully requests that judgment be granted in its favor, dismissing Plaintiffs' Original Complaint with prejudice, with Plaintiff to bear the costs of defending this litigation, and for such other relief to which the United States is justly entitled.

Dated: July 19, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**JOHN F. BASH**
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　By:　　 */s/ Liane Noble*
　　　　　　　　　　　　　　　　　　**LIANE NOBLE**
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　State Bar No. 24079059
　　　　　　　　　　　　　　　　　　**KRISTINA BAEHR**
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　State Bar No. 24080780
　　　　　　　　　　　　　　　　　　U.S. Attorney's Office
　　　　　　　　　　　　　　　　　　903 San Jacinto Blvd., Suite 334
　　　　　　　　　　　　　　　　　　Austin, Texas  78701
　　　　　　　　　　　　　　　　　　(512) 370-370-1252 (phone)
　　　　　　　　　　　　　　　　　　(512) 916-5854 (fax)
　　　　　　　　　　　　　　　　　　Liane.Noble@usdoj.gov

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT**
　　　　　　　　　　　　　　　　　　**UNITED STATES OF AMERICA**


## CERTIFICATE OF SERVICE

　　　　I certify that on July 19, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this case.

　　　　　　　　　　　　　　　　　　 */s/ Liane Noble*
　　　　　　　　　　　　　　　　　　Liane Noble
　　　　　　　　　　　　　　　　　　Assistant United States Attorney